IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID MITCHELL CLAWSON,          )
                                  )
            Petitioner,           )
                                  )
      v.                          )    1:05CV357
                                  )    1:03CR430-1; 1:03CR431-1
UNITED STATES OF AMERICA,         )
                                  )
            Respondent.           )

### RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

Petitioner David Mitchell Clawson, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to two indictments charging him with bank robbery in violation of 18 U.S.C. § 2113(a). (Docket nos. 1, 8, No. 1:03CR430-1; docket nos. 1, 9, No. 1:03CR431-1) The court sentenced him to 180 months in prison. (No. 1:03CR430-1, docket no. 14) Petitioner did not appeal.

He then filed this section 2255 motion. (Docket no. 1)[1] Petitioner raises one ground for relief alleging that his sentence was imposed as a result of an impermissible upward departure in violation of the Sixth Amendment. (Id. at 5) Petitioner is challenging the enhancements to his base offense level, however, rather than a departure. (Id. at 5A) He refers to a two-point increase because property of a financial institution was taken and a two-point increase for making a threat of death. (Id.) Petitioner also alleges that the court found that two prior

---

[1] This and further citations to the record will be to the civil case unless otherwise noted.

convictions for breaking and entering were violent felonies resulting in a six-point enhancement. (Id. at 5B) He contends that these convictions were not violent. (Id.) In his memorandum, petitioner relies upon the Booker and Blakely line of cases. United States v. Booker, __ U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). (Docket no. 3)

Respondent has responded to the motion. (Docket no. 4) Petitioner has filed a reply brief. (Docket no. 6) The matter is now ready for ruling.

## **DISCUSSION**

Petitioner's conviction became final in early May 2004 because he did not appeal his judgment entered on April 23, 2004. Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). Therefore, his conviction was final before Booker was decided in 2005. Booker extended the reasoning of Blakely to the federal sentencing guidelines. However, this decision is not retroactively applicable in collateral proceedings such as this case. See Booker, 125 S.Ct. 738 (decision to be applied only to cases not yet final when decision issued); see also Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) (Ring and a fortiori Apprendi does not apply retroactively on habeas review). Accordingly, the Booker line of cases may not be applied in this case. Petitioner's claims based on these cases should be dismissed.

The wording of Petitioner's claims as set out on his motion form may be construed to challenge in other ways the enhancements of his sentence. He argues that taking property of a financial institution and threatening death are elements of bank robbery, suggesting a double-counting type of argument. (Docket no. 1 at 5B) To the extent this is an allegation of a misapplication of the guidelines, it is a non-constitutional claim not raised on appeal and therefore cannot be the basis for relief in this proceeding. <u>Stone v. Powell</u>, 428 U.S. 465, 477 n.10, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); <u>United States v. Emmanuel</u>, 869 F.2d 795, 796 (4th Cir. 1989). To the extent it is a claim of a constitutional violation, it has no merit. There is no double-counting because the guideline applies to robbery offenses in general, and these enhancements tailor the punishment for the specific type of robbery committed. USSG § 2B3.1, comment.(statutory provisions).

Petitioner also challenges his career offender designation. (Docket no. 1 at 5B) As above, a claim of misapplication of the guidelines has been waived. <u>Stone</u>, 428 U.S. at 477 n.10. Moreover, the two prior offenses relied upon in his presentence report were two felonious breaking and/or enterings. (PSR ¶ 33) He claims that these were not crimes of violence, a prerequisite for their being the basis for this enhancement. USSG § 4B1.1(a). However, burglary of a dwelling is a crime of violence. USSG § 4B1.2(A)(2). The North Carolina offense of breaking and/or entering constitutes burglary of a dwelling. <u>United States v. Burden</u>, 940 F.2d 653 (4th Cir. Aug. 12, 1991) (unpublished).

-3-

Petitioner's presentence report shows numerous felonious breaking and entering convictions and at least two were of dwellings. (PSR ¶¶ 63, 48)  Accordingly, all of petitioner's claims should be dismissed.

**IT IS THEREFORE RECOMMENDED** that petitioner's motion to vacate, set aside or correct sentence (docket no. 1) be **DENIED** and that Judgment be entered dismissing this action.

*/s/ Russell A. Eliason*
**United States Magistrate Judge**

October 28, 2005